IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **ROBERT HILL, JR.; JAMES MARION; and JEROD SOUTHERN, JR.,** | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | Civil Action No. _____ |
| **vs.** | : | |
| | : | |
| **MAURICE'S TOWING, LLC, and MAURICE BENNETT,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## COMPLAINT

Robert Hill, Jr. ("Hill"), James Marion ("Marion"), and Jerod Southern, Jr. ("Southern") (collectively "Plaintiffs") bring this Complaint against Defendants Maurice's Towing, LLC ("Maurice's Towing") and Maurice Bennett ("Bennett") (collectively "Defendants") and shows the Court as follows:

### A. Introduction

1.

This is wage and hour case. Plaintiffs are former employees of Defendants and bring this action because Defendants failed to pay them at or above the federal minimum wage for each hour they worked and further failed to compensate them at one-and-one half times their regular rates for all work performed over forty (40)

hours during each work week of their employment in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

**B.     Jurisdiction and Venue**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Middle District of Georgia under 28 U.S.C. § 1391 because Maurice's Towing is located in Morgan County, Georgia, within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**C.     The Parties**

4.

Hill resides in DeKalb County, Georgia.

5.

Maurice's Towing employed Hill as a tow truck driver in and around Atlanta, Georgia from approximately January 1, 2015 through May 2016 and again from approximately January 2017 through June 30, 2017 (hereinafter "the Hill Relevant Time Period").

6.

Marion resides in Fulton County, Georgia.

7.

Maurice's Towing employed Marion as a tow truck driver in and around
Atlanta, Georgia from March 13, 2017 through May 25, 2017 (hereinafter "the
Marion Relevant Time Period").

8.

Southern resides in Clayton County, Georgia.

9.

Maurice's Towing employed Southern as a tow truck driver in and around
Atlanta, Georgia from approximately October 8, 2015 through June 30, 2017
(hereinafter "the Southern Relevant Time Period").

10.

At all times material hereto, Plaintiffs have been "employees" of Maurice's
Towing as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

11.

Maurice's Towing is a for-profit limited liability company organized under the
laws of the State of Georgia.

12.

At all times material hereto, Maurice's Towing was an "employer" of Plaintiffs
as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13.

Maurice's Towing is subject to the personal jurisdiction of this Court.

14.

Maurice's Towing may be served with process through its registered agent Maurice Bennett, 5991 Atlanta Highway, Rutledge, Georgia 30663.

15.

At all times material hereto, Plaintiffs have been "employees" of Bennett as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

16.

Bennett resides in Morgan County, Georgia.

17.

At all times material hereto, Bennett was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

18.

Bennett is subject to the personal jurisdiction of this Court.

19.

Bennett may be served with process at his residence located at 3881 Bostwick Road, Madison, Georgia 30650 or wherever he may be located.

## D.    Enterprise Coverage

20.

At all times during the Relevant Time Period (i.e. any weeks in which any Plaintiff was employed by Defendants during the three years preceding the filing of this Complaint), Maurice's Towing was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

21.

Specifically, at all times material hereto, Maurice's Towing employed two or more persons who regularly provided towing services for disabled or abandoned vehicles on Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

22.

During 2015, Maurice's Towing had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2016, Maurice's Towing had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2017, Maurice's Towing had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

During the Relevant Time Period, Plaintiffs and other employees of Maurice's Towing handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Maurice's Towing including trucks, gasoline, engine oil, uniforms, and cellular phones.

26.

During 2015, Maurice's Towing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2016, Maurice's Towing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

28.

During 2017, Maurice's Towing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2015, Maurice's Towing had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

During 2016, Maurice's Towing had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

During 2017, Maurice's Towing had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

At all times during the Relevant Time Period, Maurice's Towing has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**E.    Statutory Employer**

33.

Throughout the Relevant Time Period, the work performed by Plaintiffs was integral to Maurice's Towing's business purpose (i.e., towing services).

34.

Throughout the Relevant Time Period, Plaintiffs did not invest in Maurice's Towing's business such that they shared any significant risk of loss.

35.

Throughout the Relevant Time Period, Plaintiffs did not utilize any special skills in the course of their work for Maurice's Towing.

36.

Throughout the Relevant Time Period, Maurice's Towing did not require any formal training, degree, or certificate (other than a driver's license) to allow Plaintiffs to operate its vehicles or perform its business purpose.

37.

Throughout the Relevant Time Period, Plaintiffs did not exercise independent business judgment in the course of their work for Maurice's Towing.

38.

Throughout the Relevant Time Period, Plaintiffs did not possess commercial driver's licenses.

39.

Throughout the Relevant Time Period, Maurice's Towing controlled the rate of Plaintiffs' pay.

40.

Throughout the Relevant Time Period, Maurice's Towing controlled Plaintiffs' work hours.

41.

Throughout the Relevant Time Period, Maurice's Towing controlled the manner in which Plaintiffs' work was performed.

42.

Throughout the Relevant Time Period, Plaintiffs did not solicit towing customers.

43.

Throughout the Relevant Time Period, all of Plaintiffs' working efforts were directed at serving Defendants' customers.

44.

Throughout the Relevant Time Period, Defendants provided Plaintiffs with all tools, equipment, and other materials necessary for Plaintiffs to perform their job as tow truck drivers, including the tow trucks.

45.

At all times during the Relevant Time Period, Plaintiffs were "employees" as defined in FLSA § 3(e), 29 U.S.C. § 203(e) in connection with their work for Maurice's Towing as a matter of economic reality.

46.

At all times during the Relevant Time Period, Maurice's Towing was Plaintiffs' "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d) as a matter of economic reality.

47.

At all relevant times, Bennett has directly or indirectly in the interest of Maurice's Towing in his interactions with Plaintiffs and controlled the terms and conditions of Plaintiffs' employment.

48.

At all relevant times, Bennett was involved in the day-to-day operation of Maurice's Towing.

49.

Specifically, Bennett was the founding member of Maurice's Towing, and at all relevant times has had the highest-level management authority at Maurice's Towing.

50.

At all times during the Relevant Time Period, Bennett exercised operational control over Plaintiffs' work activities.

51.

At all times during the Relevant Time Period, Bennett was involved in the day to day operation of the Maurice's Towing in which Plaintiffs worked.

52.

At all times during the Relevant Time Period, Bennett exercised supervisory authority over Plaintiffs.

53.

At all times during the Relevant Time Period, Bennett scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

54.

At all times during the Relevant Time Period, Bennett exercised authority and supervision over the terms of Plaintiffs' compensation.

**F.     Non-Exempt Employees**

55.

At all times material hereto, Plaintiffs were not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

56.

At all times during the Relevant Time Period, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

57.

At all times during the Relevant Time Period, Maurice's Towing did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

58.

At all times during the Relevant Time Period, Maurice's Towing did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

59.

At all times during the Relevant Time Period, Maurice's Towing did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

60.

At all times during the Relevant Time Period, Plaintiffs did not supervise two or more employees.

61.

At all times during the Relevant Time Period, Maurice's Towing did not employ Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

62.

Throughout the Relevant Time Period, the Secretary of Transportation did not have the power to establish Plaintiffs' qualifications and maximum hours of service pursuant to the provisions of 49 USC § 31502;

63.

Throughout the Relevant Time Period, Plaintiffs were not exempt from the maximum hour requirements of the FLSA because of any exemption.

64.

Throughout the Relevant Time Period, Defendants compensated Plaintiffs solely on the basis of commissions.

### G.    Failure to Pay Minimum Wage and Overtime

65.

Throughout the Relevant Time Period, Defendants failed to compensate Plaintiffs at or above the minimum hourly wage established in 29 U.S.C. § 206.

66.

Throughout the Relevant Time Period, Defendants failed to compensate Plaintiffs at one-and-one-half times their regular hourly rate for each hour worked in excess of 40 hours per week as required by 29 U.S.C. § 207.

### H.    Willfulness and Lack of Good Faith

67.

Defendants knew or should have known that the FLSA requires that Defendants compensate Plaintiffs at a rate of at least $7.25 per hour for every hour worked in each workweek.

68.

Throughout the Relevant Period, Defendants willfully failed to compensate Plaintiffs at a rate of $7.25 per hour in each workweek.

69.

Defendants knew or should have known that Plaintiffs were employees covered by the FLSA's maximum hours provisions.

70.

Defendants knew or should have known that the FLSA requires that Defendants compensate Plaintiffs at one-and-one-half times their regular hourly rate for each hour worked in excess of forty (40) hours in a single workweek.

**COUNT I — FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF HILL**

71.

The allegations all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

72.

Throughout the Hill Relevant Period, Hill was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

73.

Throughout the Hill Relevant Period, Defendants failed to compensate Hill at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

74.

Throughout the Hill Relevant Period, Defendants willfully failed to compensate Hill at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

75.

Hill is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

76.

As a result of the underpayment of minimum wages as alleged above, Hill is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

77.

As a result of the underpayment of minimum wages, Defendants are liable to Hill for his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II — FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFF MARION**

78.

The allegations all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

79.

Throughout the Marion Relevant Period, Marion was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

80.

Throughout the Marion Relevant Period, Defendants failed to compensate Marion at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

81.

Throughout the Marion Relevant Period, Defendants willfully failed to compensate Marion at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

82.

Marion is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

83.

As a result of the underpayment of minimum wages as alleged above, Marion is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

84.

As a result of the underpayment of minimum wages, Defendants are liable to Marion for his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### Count III — Failure to Pay Minimum Wage as to Plaintiff Southern

85.

The allegations all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

86.

Throughout the Southern Relevant Period, Southern was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

87.

Throughout the Southern Relevant Period, Defendants failed to compensate Southern at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

88.

Throughout the Southern Relevant Period, Defendants willfully failed to compensate Southern at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

89.

Southern is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

90.

As a result of the underpayment of minimum wages as alleged above, Southern is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

91.

As a result of the underpayment of minimum wages, Defendants are liable to Southern for his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT IV - FAILURE TO PAY OVERTIME AS TO PLAINTIFF HILL

92.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

93.

Throughout the Hill Relevant Period, Hill was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

94.

Throughout the Hill Relevant Period, Hill regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

95.

Throughout the Hill Relevant Period, Defendants failed to pay Hill at one-and-one-half times his regular hourly rate for time worked in excess of forty (40) hours in each work week.

96.

Defendants willfully failed to pay Hill at one-and-one-half times his regular hourly rate for work in excess of forty (40) hours in any work week during the Hill Relevant Time Period.

97.

Hill is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

98.

As a result of the underpayment of overtime compensation as alleged above, Hill is entitled to recover liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

99.

As a result of the underpayment of overtime compensation as alleged above, Hill is entitled to recover his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT V- FAILURE TO PAY OVERTIME AS TO PLAINTIFF MARION

100.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

101.

Throughout the Marion Relevant Time Period, Marion was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

102.

Throughout the Marion Relevant Time Period, Marion regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

103.

Throughout the Marion Relevant Time Period, Defendants failed to pay Marion at one-and-one-half times his regular hourly rate for time worked in excess of forty (40) hours in each work week.

104.

Defendants willfully failed to pay Marion at one-and-one-half times his regular hourly rate for work in excess of forty (40) hours in any week.

105.

Marion is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

106.

As a result of the underpayment of overtime compensation as alleged above, Marion is entitled to recover liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

107.

As a result of the underpayment of overtime compensation as alleged above, Marion is entitled to recover his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT VI- FAILURE TO PAY OVERTIME AS TO PLAINTIFF SOUTHERN

108.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

109.

At all times during the Southern Relevant Time Period, Southern was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

110.

At all times during the Southern Relevant Time Period, Southern regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

111.

At all times during the Southern Relevant Time Period, Defendants failed to pay Southern at one-and-one-half times his regular hourly rate for time worked in excess of forty (40) hours in each work week.

112.

Defendants willfully failed to pay Southern at one-and-one-half times his regular hourly rate for work in excess of forty (40) hours in any week

113.

Southern is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

114.

As a result of the underpayment of overtime compensation as alleged above, Southern is entitled to recover liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

115.

As a result of the underpayment of overtime compensation as alleged above, Southern is entitled to recover his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1.      That Plaintiffs be awarded an amount to be determined at trial against Defendants jointly and severally, in unpaid minimum wage, plus additional like amounts in liquidated damages;

2.      That Plaintiffs be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally, plus additional like amounts in liquidated damages;

3.      That Plaintiffs be awarded their costs of litigation, including their reasonable attorney's fees from Defendants, jointly and severally; and

4.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
|  | **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** |
| 3100 Centennial Tower | |
| 101 Marietta Street | */s/Charles R. Bridgers* |
| Atlanta, Georgia 30303 | Charles R. Bridgers |
| (404) 979-3150 | Ga. Bar No. 080791 |
| (404) 979-3170 (f) | |
| charlesbridgers@dcbflegal.com | */s/ Mitchell D. Benjamin* |
| benjamin@dcbflegal.com | Mitchell D. Benjamin |
| | Ga. Bar No. 049888 |
| | **Counsel for Plaintiffs** |