# SETTLEMENT AGREEMENT FOR FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement for Full and Final Release of Claims ("Agreement") is made and entered into by and between Plaintiff Robert Hill, Jr. ("Plaintiff") and Defendants Maurice's Towing, LLC, and Maurice Bennett (collectively, "Defendants").

WHEREAS, Plaintiff jointly filed with Jerod Southern, Jr. and James Marion a lawsuit now pending against Defendants in the U.S. District Court for the Middle District of Georgia, *Robert Hill, et al. v. Maurice's Towing, LLC, et al.* Case No. 3:18-cv-00020-CDL (the "Lawsuit"), asserting claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA");

WHEREAS, Defendants have been served with the Lawsuit, have filed an Answer and Defenses, and have denied and continue to deny liability to Plaintiff for the matters alleged or which could have been alleged in the Lawsuit;

WHEREAS, Defendants deny liability to Plaintiff for the claims that were or could have been alleged in the Lawsuit;

WHEREAS, Defendants deny that they are liable to Plaintiff for any claim arising from the work that he performed in connection with Maurice's Towing, LLC;

WHEREAS, Defendants dispute that they have violated Plaintiff's rights under the FLSA or that they have violated Plaintiff's rights under any other state, federal or local law or common law; and

WHEREAS, Plaintiff and Defendants (collectively the "Parties") desire to settle fully and finally any and all of Plaintiff's claims or Defendants' claims related to the work that Plaintiff performed in connection with Maurice's Towing, LLC, including but not limited to all claims alleged in the Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the Parties as follows:

**1. Consideration**. In consideration for Plaintiff's agreement to the provisions contained in this Agreement, Defendants agree that:

a. Defendants will pay Plaintiff a total of $6,500.00. The first amount will be payable to Plaintiff in the gross amount of $3,250.00 (three thousand two hundred and fifty dollars and no cents), less any and all withholdings and deductions requested or required under applicable laws or regulations, and for which Maurice's Towing, LLC shall issue a W-2 form. The second amount will be payable to Plaintiff for liquidated and other non-taxable damages, including emotional distress damages, interest, and civil and statutory penalties, as well as reimbursement for costs, in the amount of $3,250.00 (three thousand two hundred and fifty dollars and no cents), and for which Maurice's Towing, LLC shall issue a 1099 form designating this payment as box 3 "other income." Plaintiff will complete and provide W-4 and W-9 forms to Defendants in advance of these payments being issued.

b. Defendants will pay to Plaintiff's counsel $10,000.00 (ten thousand dollars and no cents), reflecting the attorneys' fees and costs incurred in connection with the resolution of all potential claims and disputes between the Parties and in connection with the resolution of James Marion's claims against Defendants. This amount will be payable to Charles R. Bridgers Attorneys, LLC. Defendants further require completion of a W-9 form by Plaintiff's counsel before payment can be issued. Maurice's Towing, LLC will issue a 1099 form for this payment to both Charles R. Bridgers Attorneys, LLC and Plaintiff.

c. The consideration in Paragraph 1.a shall be mailed to Plaintiff's counsel within thirty (30) calendar days after the occurrence of the last of the following required conditions precedent: 1) Plaintiff signs this Agreement; 2) Defendants receive the required tax identification information from Plaintiff and Plaintiff's counsel; 3) receipt of the fully executed original of this Agreement by Defendants' attorney, Kathryn S. McConnell, Esq. of Littler Mendelson, PC, 3344 Peachtree Road, NE, Suite 1500, Atlanta, Georgia 30326 by United States Mail or at KMcConnell@littler.com; and 4) an Order from the Court approving this Agreement and the subsequent dismissal of the Lawsuit with prejudice.

d. The consideration in Paragraph 1.b shall be mailed to Plaintiff's counsel in eighteen (18) monthly installments, consisting of seventeen (17) payments in the amount of $555.55 then one (1) payment in the amount of $555.65. Payments shall be mailed to Plaintiff's counsel every thirty (30) days until the consideration in Paragraph 1.b is paid in full, starting thirty (30) calendar days after the payments to Plaintiff are owed pursuant to Paragraph 1.c. Defendants' failure to timely make one or more of the payments in this Paragraph, after Plaintiff's counsel issues a notice of default via certified mail and email to Maurice Bennett, 5991 Atlanta Highway, Rutledge, Georgia 30650, mauricejbennett@yahoo.com with a copy via email to Jessica Brown at JMBrown@littler.com and Defendants have thirty (30) days to cure from the notice of default being received, shall accelerate the entire balance as immediately due and payable.

e. Plaintiff agrees that the foregoing constitutes an accord and satisfaction and a full and complete settlement of his claims in the Lawsuit and any and all other claims that he may have against Defendants, and constitutes the entire amount of monetary consideration to be provided to Plaintiff pursuant to this Agreement. Plaintiff agrees that he will not seek any further compensation for any other claimed damage in connection with the matters encompassed in this Agreement.

f. Separately, and as additional consideration under this Agreement, Defendants also agree to pay all mediator fees related to the March 13, 2019 mediation between the Parties. Defendants will make that payment directly to the mediator (A. Lee Parks).

2. **No Other Claims.** With the exception of the Lawsuit referenced above, Plaintiff represents he has not filed, lodged, claimed, or asserted any charge, complaint, claim, causes of action, debt, sum of money, controversy agreement, promise, or damages of any sort, including any such action alleging any failure to provide any wages, compensation, or reimbursements allegedly due or seeking penalties or recovery of any sort based on any such alleged failure against Defendants,

and/or their officers, agents, insurers, directors, supervisors, current or former employees or representatives, owners, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, members, predecessors, successors and/or assigns, and all persons acting by, through, under, or in concert with any of them (the "Released Parties") with any state, federal or local agency or court. Plaintiff further represents that he has not assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against the Released Parties with any court other than the Lawsuit, and that he will not file, or assign to others the right to file, or make any further claims against the Released Parties at any time for actions taken up to and including the date that Plaintiff executes this Agreement. Each signatory hereby warrants and represents that he or she or it has authority to bind the party or parties for whom such signatory acts, even those who are not signatories hereto, and further warrants and represents that the claims, suits, rights, and/or interests which are the subject matter of this litigation are owned by the party asserting same and have not been assigned, pledged, transferred or sold, except in connection with any fee agreement that such party has entered into with him or its counsel of record. Plaintiff understands and agrees that if any class or other action is brought by a third party with regard to the claims and causes of action released in this Agreement, Plaintiff will not accept any payments or monetary relief relating to any such claims or causes of action. Further, Plaintiff affirms that he has been paid, or will have been paid once he receives all agreed amounts under the settlement of the Lawsuit, all leave (paid or unpaid), compensation, wages, bonuses, commissions, vacation pay, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, vacation pay, and/or benefits are due to him.

Plaintiff agrees to cause his counsel to file a Joint Motion to Approve Settlement Agreement with the Court by no later than seven (7) calendar days after the Parties' approval of the form and substance of such motion. The Joint Motion to Approve Settlement Agreement, among other things, will indicate that a settlement has been reached between the Parties and request dismissal of the Lawsuit. Plaintiff agrees that he will not seek any costs or fees in conjunction with any filings necessary to dismiss the Lawsuit with prejudice.

3. **General Release by Plaintiff**. Plaintiff, for himself, his attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever release and discharge the Released Parties, of and from all claims, demands, actions, causes of action, suits, damages, losses and expenses, of any and every nature whatsoever, known or unknown, fixed or contingent, suspected or unsuspected, arising under state, federal or local law or common law, as a result of actions or omissions occurring up to and including the date Plaintiff signs this Agreement. Also specifically included in this waiver and release are any and all claims of alleged employment discrimination or retaliation, either as a result of the separation of Plaintiff's contractual relationship or employment with Defendants or otherwise, under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family Medical Leave Act, any employment or wrongful discharge provision of Georgia law, any other federal, state or local statute, rule, ordinance or regulation, as well as any claims for alleged wrongful discharge, negligent or intentional infliction of emotional distress, breach of contract, fraud or any other unlawful behavior, the existence of which is specifically denied by Defendants. All such claims, including related attorneys' fees and costs, are forever barred by this Agreement without regard to whether those claims are based on any alleged breach of a duty arising in contract or tort; any alleged unlawful act, any other claim or cause of action; and regardless of the forum in which they might be brought. Nothing in this Agreement, however, is intended to waive Plaintiff's

entitlement to vested benefits under any pension or 401(k) plan or other ERISA-governed benefit plan provided by Defendants. Finally, the above release does not waive claims that Plaintiff could make, if available, for unemployment or workers' compensation or to challenge the consideration for this release, and the release also excludes any other claim which cannot be released by private agreement.

Plaintiff further forgoes any and all rights to participate in a class or collective action alleging violations of any of the above laws, including those brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and Plaintiff further covenants and agrees not to accept, recover or receive any back pay, front pay, liquidated damages, other damages or any form of relief based upon any claims that have been asserted, could have been asserted or settled in any legal action that may arise out of, or in connection with, any other individual, class or administrative remedies pursued by any individual or any state or local governmental agency against the Released Parties.

Finally, nothing in this Agreement, including but not limited to the release of claims, confidentiality, and non-disparagement provisions, limits or affects Plaintiff's right to challenge the validity of this Agreement under the Age Discrimination in Employment Act or the Older Workers Benefit Protection Act or prevents him from filing a charge or complaint with, or from participating in, an investigation or proceeding conducted by the Equal Employment Opportunity Commission, the National Labor Relations Board, the Securities and Exchange Commission, the Occupational Health and Safety Administration, or any other federal, state or local agency charged with the enforcement of any laws, although, by signing this Agreement, Plaintiff is waiving rights to recover any individual relief (including any back pay, front pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint or other proceeding brought by Plaintiff or on his behalf by any third party, except for any right Plaintiff may have to receive an award from a government agency (and not the Released Parties) for information provided to the government agency, or where such a waiver of individual relief is prohibited.

4. **General Release by Defendants**. Defendants hereby release and forever discharge Plaintiff of and from any and all manner of actions and causes of action, suits, debts, liabilities, losses, damages, claims and demands whatsoever that Defendants had or has that accrued prior to, or up to the date Plaintiff signs this Agreement, whether sounding in contract, any form of tort or otherwise, and whether at law or in equity.

5. **No Admission**. This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants or the Released Parties of any liability whatsoever, or as an admission by the Released Parties of any violation of the rights of Plaintiff, violation of any order, law, statute, duty or contract whatsoever. Defendants specifically disclaim any liability to Plaintiff for any alleged violation of the FLSA or any other wage-related order, law, statute, duty or contract.

6. **Waiver of Future Employment or Contractual Relationship**. For and in consideration of the promises and other consideration described in this Agreement, Plaintiff warrants, covenants and agrees that he will not apply for, seek, or accept employment or contractual relationship or relationship of any other kind with Maurice Bennett or Maurice's Towing, LLC or any of Maurice Towing, LLC's parent, subsidiary and/or affiliated companies or successors at any time in the future. Plaintiff acknowledges that this Agreement will constitute a complete and final reason for any subsequent denial of employment or any contractual relationship between the Parties, and that this Agreement may be offered as a

complete defense to any charge, complaint, claim, or cause of action for such denial. Plaintiff acknowledges that this provision does not significantly restrict his ability to engage in his profession.

7. **Non-Disclosure**. Plaintiff agrees that he will keep this Agreement strictly confidential and that he will not disclose any information concerning it to anyone including, but not limited to, any past, present, or prospective employee of Defendants. Plaintiff and his counsel agree to make no statement to the media relative to this settlement or the Agreement and to make no press or media release or otherwise publish on social media (or otherwise) the terms of this settlement or the Agreement. Plaintiff and his counsel also agree that they will not publicize any payment made pursuant to this Agreement, any details or terms of the Agreement, or any of the events and negotiations surrounding the Agreement. If asked about the settlement or the Agreement (other than an inquiry specifically permitted by this paragraph), Plaintiff agrees only to say the matter has been "settled" or "resolved." The only exceptions to this confidentiality provision are that Plaintiff may disclose the terms of this Agreement (1) as required by process of law; (2) as necessary for tax reporting purposes; and (3) to his immediate family members (spouse and children), his attorney, or his financial advisor—provided, however, that he first directs such family member, attorney, or financial advisor to maintain the confidentiality of such information. If compelled to disclose any confidential information by process of law, Plaintiff will provide as much notice as reasonably possible to Defendants to allow Defendants to intervene to protect its rights under this Agreement. Defendants agree that they will keep this Agreement strictly confidential and that they will not disclose any information concerning it to anyone, except that Defendants may disclose the terms of this Agreement if required to do so by law and that Defendants may disclose the terms of this Agreement to any of Defendants' employees and officers that have a business need to know about the Agreement and to any of Defendant's legal, tax, and financial advisors, provided that they agree not to disclose the terms of the Agreement.

8. **Non-Disparagement**. Plaintiff will refrain from disparaging or making any negative statements about Defendants or about any of Maurice's Towing, LLC's parents, subsidiaries, divisions, affiliates or operating companies, or about any of their agents or current or former employees, or about Maurice Towing, LLC's products or services, to any person, including but not limited to Defendants' current or former employees, contractors, and customers. Maurice's Towing, LLC will instruct all current employees whom it has made aware of the Lawsuit, the terms of the settlement and/or the settlement negotiations, to refrain from disparaging Plaintiff. Maurice Bennett will refrain from disparaging or making any negative statements about Plaintiff.

9. **Neutral Reference.** Upon request from a prospective employer, Maurice's Towing, LLC agrees to provide a neutral job reference concerning Plaintiff, limited to his dates of employment and position, provided that the prospective employer contacts Maurice Bennett at telephone number 706-342-4343 for the purposes of obtaining the reference.

10. **Non-Solicitation Clause**. Plaintiff will not solicit, contact, or otherwise encourage other current or former employees or contractors of any Defendant to assert claims against any of the Released Parties. Should one of Defendants' current or former employees or contractors contact Plaintiff's counsel about a potential claim against Defendants, Plaintiff's counsel will be free to follow their professional judgment in advising such an individual about the potential claim.

11. **Tax Consequences of Settlement**. The Parties understand and acknowledge that the amounts and allocation of the settlement, as set forth in Paragraph 1 of this Agreement, were agreed upon

following arms-length negotiations, and were based upon the Parties' analyses of the claims, defenses and potential remedies involved. Except for the amounts withheld by Defendants from the payment specified in Paragraph 1.a of this Agreement, Plaintiff agrees that Defendants are not liable for the payment of any tax assessed against Plaintiff in connection with this settlement. Rather Plaintiff agrees that any such tax shall be his sole responsibility. Plaintiff agrees that, in the event that any tax, penalty or liability of any kind is assessed against or incurred by Defendants by reason of the payments described in Paragraph 1.a, Plaintiff will fully and completely indemnify and hold harmless Defendants from any liability, claim, judgment, attorneys' fees, expenses and costs incurred by Plaintiff in connection with the tax treatment of any of the payments and/or the method utilized to make any of the payments. Nothing herein shall be construed or relied upon as any advice or opinion by or on behalf of Defendants regarding the tax treatment of the payments described in Paragraph 1 of this Agreement, and Plaintiff hereby expressly acknowledges that he will rely solely on his own accountants, attorneys, or advisors for such advice or opinion.

**12. Advice of Counsel and Older Workers Benefit Protection Act Requirements.** Through this clause of the Agreement, Defendants advise Plaintiff to consult with an attorney in regard to this situation, including whether to sign this Agreement. Plaintiff acknowledges that he has consulted with an attorney regarding this Agreement. Plaintiff acknowledges that he has been given at least twenty-one (21) days from the time that he receives this Agreement to consider whether to sign it and that no modification to this Agreement will toll or restart such twenty-one (21) day period. If Plaintiff has signed this Agreement before the end of this twenty-one (21) day period, it is because he freely chose to do so after carefully considering its terms. Additionally, Plaintiff shall have seven (7) days from the date he signs this Agreement to change his mind and revoke the Agreement (through written notice to Kathryn S. McConnell, Esq. of Littler Mendelson, P.C., 3344 Peachtree Road, NE, Suite 1500, Atlanta, Georgia 30326 by United States Mail or at KMcConnell@littler.com). If Plaintiff does not revoke this Agreement within seven (7) days of his signing, this Agreement will become final and binding on the day following such seven (7) day period. If Plaintiff accepts this Agreement, he agrees that, upon execution, he will mail or otherwise deliver a signed copy of this Agreement to: Kathryn S. McConnell, Esq. of Littler Mendelson, P.C., 3344 Peachtree Road, NE, Suite 1500, Atlanta, Georgia 30326 by United States Mail or at KMcConnell@littler.com.

**13. Severability**. The provisions of this Agreement are severable, and, if any part of this Agreement except Paragraph 2 or 3 is found by a court of law to be unenforceable, the remainder of the Agreement will continue to be valid and effective. If Paragraph 2 or 3 is found to be unenforceable, the Parties agree to seek a determination by the court as to the rights of the Parties, including whether Plaintiff is entitled to retain the benefits paid to him under the Agreement. The Parties consent to the U.S. District Court for the Middle District of Georgia retaining jurisdiction to enforce the terms of this Agreement.

**14. Entire Agreement and Modification**. The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any of the Parties or by any of the Parties' agents, attorneys or representatives with regard to the claims and causes of action released in this Agreement, other than those specifically stated in this Agreement. This Agreement may only be amended or modified by a writing signed by the Parties. Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated. In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Agreement, or to declare rights and/or obligations under this Agreement, the successful party or parties

shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

15. **Interpretation and Governing Law**. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties. This Agreement is made and entered into in the State of Georgia and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Georgia without giving effect to the principles of conflicts of laws thereof.

16. **Counterparts.** This Agreement may be executed in multiple counterparts and may be executed electronically. When each Party has signed and delivered at least one counterpart, each counterpart shall be deemed an original, and all counterparts taken together shall constitute one agreement binding upon all Parties, regardless of whether each Party is a signatory to the same counterpart.

17. **Voluntary Agreement**. Plaintiff understands and agrees as follows:

a. Plaintiff has had a reasonable time to consider this Agreement before executing it.

b. Plaintiff has carefully read and fully understands all of the provisions of this Agreement, which is written in a manner that Plaintiff clearly understands.

c. Plaintiff is releasing the Released Parties from any and all claims Plaintiff may have against the Released Parties arising before execution of this Agreement.

d. Plaintiff knowingly and voluntarily agrees to all of the terms in this Agreement.

e. Plaintiff was advised and hereby is advised in writing to consider the terms of this Agreement and consult with an attorney of Plaintiff's choice prior to signing this Agreement. Plaintiff further acknowledges that he has consulted with his attorney prior to signing this Agreement.

Dated: 5/3/2019 By: [signature] **Robert Hill, Jr.**

Dated: 5.9.19 By: [signature] **Maurice Bennett**

Dated: 5.9.19 **Maurice's Towing, LLC**

By: [signature]

Maurice Bennett, Owner and Founding Member

**SETTLEMENT AGREEMENT FOR FULL AND FINAL RELEASE OF CLAIMS**

This Settlement Agreement for Full and Final Release of Claims ("Agreement") is made and entered into by and between Plaintiff Jerod Southern, Jr. ("Plaintiff") and Defendants Maurice's Towing, LLC, and Maurice Bennett (collectively, "Defendants").

WHEREAS, Plaintiff jointly filed with Robert Hill, Jr. and James Marion a lawsuit now pending against Defendants in the U.S. District Court for the Middle District of Georgia, *Robert Hill, et al. v. Maurice's Towing, LLC, et al.* Case No. 3:18-cv-00020-CDL (the "Lawsuit"), asserting claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA");

WHEREAS, Defendants have been served with the Lawsuit, have filed an Answer and Defenses, and have denied and continue to deny liability to Plaintiff for the matters alleged or which could have been alleged in the Lawsuit;

WHEREAS, Defendants deny liability to Plaintiff for the claims that were or could have been alleged in the Lawsuit;

WHEREAS, Defendants deny that they are liable to Plaintiff for any claim arising from the work that he performed in connection with Maurice's Towing, LLC;

WHEREAS, Defendants dispute that they have violated Plaintiff's rights under the FLSA or that they have violated Plaintiff's rights under any other state, federal or local law or common law; and

WHEREAS, Plaintiff and Defendants (collectively the "Parties") desire to settle fully and finally any and all of Plaintiff's claims or Defendants' claims related to the work that Plaintiff performed in connection with Maurice's Towing, LLC, including but not limited to all claims alleged in the Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the Parties as follows:

**1.** **Consideration**. In consideration for Plaintiff's agreement to the provisions contained in this Agreement, Defendants agree that:

a. Defendants will pay Plaintiff a total of $6,500.00. The first amount will be payable to Plaintiff in the gross amount of $3,250.00 (three thousand two hundred and fifty dollars and no cents), less any and all withholdings and deductions requested or required under applicable laws or regulations, and for which Maurice's Towing, LLC shall issue a W-2 form. The second amount will be payable to Plaintiff for liquidated and other non-taxable damages, including emotional distress damages, interest, and civil and statutory penalties, as well as reimbursement for costs, in the amount of $3,250.00 (three thousand two hundred and fifty dollars and no cents), and for which Maurice's Towing, LLC shall issue a 1099 form designating this payment as box 3 "other income." Plaintiff will complete and provide W-4 and W-9 forms to Defendants in advance of these payments being issued.

b. Defendants will pay to Plaintiff's counsel $10,000.00 (ten thousand dollars and no cents), reflecting the attorneys' fees and costs incurred in connection with the resolution of all potential claims and disputes between the Parties and in connection with the resolution of James Marion's claims against Defendants. This amount will be payable to Charles R. Bridgers Attorneys, LLC. Defendants further require completion of a W-9 form by Plaintiff's counsel before payment can be issued. Maurice's Towing, LLC will issue a 1099 form for this payment to both Charles R. Bridgers Attorneys, LLC and Plaintiff.

c. The consideration in Paragraph 1.a shall be mailed to Plaintiff's counsel within thirty (30) calendar days after the occurrence of the last of the following required conditions precedent: 1) Plaintiff signs this Agreement; 2) Defendants receive the required tax identification information from Plaintiff and Plaintiff's counsel; 3) receipt of the fully executed original of this Agreement by Defendants' attorney, Kathryn S. McConnell, Esq. of Littler Mendelson, PC, 3344 Peachtree Road, NE, Suite 1500, Atlanta, Georgia 30326 by United States Mail or at KMcConnell@littler.com; and 4) an Order from the Court approving this Agreement and the subsequent dismissal of the Lawsuit with prejudice.

d. The consideration in Paragraph 1.b shall be mailed to Plaintiff's counsel in eighteen (18) monthly installments, consisting of seventeen (17) payments in the amount of $555.55 then one (1) payment in the amount of $555.65. Payments shall be mailed to Plaintiff's counsel every thirty (30) days until the consideration in Paragraph 1.b is paid in full, starting thirty (30) calendar days after the payments to Plaintiff are owed pursuant to Paragraph 1.c. Defendants' failure to timely make one or more of the payments in this Paragraph, after Plaintiff's counsel issues a notice of default via certified mail and email to Maurice Bennett, 5991 Atlanta Highway, Rutledge, Georgia 30650, mauricejbennett@yahoo.com with a copy via email to Jessica Brown at JMBrown@littler.com and Defendants have thirty (30) days to cure from the notice of default being received, shall accelerate the entire balance as immediately due and payable.

e. Plaintiff agrees that the foregoing constitutes an accord and satisfaction and a full and complete settlement of his claims in the Lawsuit and any and all other claims that he may have against Defendants, and constitutes the entire amount of monetary consideration to be provided to Plaintiff pursuant to this Agreement. Plaintiff agrees that he will not seek any further compensation for any other claimed damage in connection with the matters encompassed in this Agreement.

f. Separately, and as additional consideration under this Agreement, Defendants also agree to pay all mediator fees related to the March 13, 2019 mediation between the Parties. Defendants will make that payment directly to the mediator (A. Lee Parks).

**2.** **No Other Claims.** With the exception of the Lawsuit referenced above, Plaintiff represents he has not filed, lodged, claimed, or asserted any charge, complaint, claim, causes of action, debt, sum of money, controversy agreement, promise, or damages of any sort, including any such action alleging any failure to provide any wages, compensation, or reimbursements allegedly due or seeking penalties or recovery of any sort based on any such alleged failure against Defendants,

and/or their officers, agents, insurers, directors, supervisors, current or former employees or representatives, owners, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, members, predecessors, successors and/or assigns, and all persons acting by, through, under, or in concert with any of them (the "Released Parties") with any state, federal or local agency or court. Plaintiff further represents that he has not assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against the Released Parties with any court other than the Lawsuit, and that he will not file, or assign to others the right to file, or make any further claims against the Released Parties at any time for actions taken up to and including the date that Plaintiff executes this Agreement. Each signatory hereby warrants and represents that he or she or it has authority to bind the party or parties for whom such signatory acts, even those who are not signatories hereto, and further warrants and represents that the claims, suits, rights, and/or interests which are the subject matter of this litigation are owned by the party asserting same and have not been assigned, pledged, transferred or sold, except in connection with any fee agreement that such party has entered into with him or its counsel of record. Plaintiff understands and agrees that if any class or other action is brought by a third party with regard to the claims and causes of action released in this Agreement, Plaintiff will not accept any payments or monetary relief relating to any such claims or causes of action. Further, Plaintiff affirms that he has been paid, or will have been paid once he receives all agreed amounts under the settlement of the Lawsuit, all leave (paid or unpaid), compensation, wages, bonuses, commissions, vacation pay, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, vacation pay, and/or benefits are due to him.

Plaintiff agrees to cause his counsel to file a Joint Motion to Approve Settlement Agreement with the Court by no later than seven (7) calendar days after the Parties' approval of the form and substance of such motion. The Joint Motion to Approve Settlement Agreement, among other things, will indicate that a settlement has been reached between the Parties and request dismissal of the Lawsuit. Plaintiff agrees that he will not seek any costs or fees in conjunction with any filings necessary to dismiss the Lawsuit with prejudice.

3. **General Release by Plaintiff**. Plaintiff, for himself, his attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever release and discharge the Released Parties, of and from all claims, demands, actions, causes of action, suits, damages, losses and expenses, of any and every nature whatsoever, known or unknown, fixed or contingent, suspected or unsuspected, arising under state, federal or local law or common law, as a result of actions or omissions occurring up to and including the date Plaintiff signs this Agreement. Also specifically included in this waiver and release are any and all claims of alleged employment discrimination or retaliation, either as a result of the separation of Plaintiff's contractual relationship or employment with Defendants or otherwise, under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family Medical Leave Act, any employment or wrongful discharge provision of Georgia law, any other federal, state or local statute, rule, ordinance or regulation, as well as any claims for alleged wrongful discharge, negligent or intentional infliction of emotional distress, breach of contract, fraud or any other unlawful behavior, the existence of which is specifically denied by Defendants. All such claims, including related attorneys' fees and costs, are forever barred by this Agreement without regard to whether those claims are based on any alleged breach of a duty arising in contract or tort; any alleged unlawful act, any other claim or cause of action; and regardless of the forum in which they might be brought. Nothing in this Agreement, however, is intended to waive Plaintiff's

entitlement to vested benefits under any pension or 401(k) plan or other ERISA-governed benefit plan provided by Defendants. Finally, the above release does not waive claims that Plaintiff could make, if available, for unemployment or workers' compensation or to challenge the consideration for this release, and the release also excludes any other claim which cannot be released by private agreement.

Plaintiff further forgoes any and all rights to participate in a class or collective action alleging violations of any of the above laws, including those brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and Plaintiff further covenants and agrees not to accept, recover or receive any back pay, front pay, liquidated damages, other damages or any form of relief based upon any claims that have been asserted, could have been asserted or settled in any legal action that may arise out of, or in connection with, any other individual, class or administrative remedies pursued by any individual or any state or local governmental agency against the Released Parties.

Finally, nothing in this Agreement, including but not limited to the release of claims, confidentiality, and non-disparagement provisions, limits or prevents him from filing a charge or complaint with, or from participating in, an investigation or proceeding conducted by the Equal Employment Opportunity Commission, the National Labor Relations Board, the Securities and Exchange Commission, the Occupational Health and Safety Administration, or any other federal, state or local agency charged with the enforcement of any laws, although, by signing this Agreement, Plaintiff is waiving rights to recover any individual relief (including any back pay, front pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint or other proceeding brought by Plaintiff or on his behalf by any third party, except for any right Plaintiff may have to receive an award from a government agency (and not the Released Parties) for information provided to the government agency, or where such a waiver of individual relief is prohibited.

4. **General Release by Defendants**. Defendants hereby release and forever discharge Plaintiff of and from any and all manner of actions and causes of action, suits, debts, liabilities, losses, damages, claims and demands whatsoever that Defendants had or has that accrued prior to, or up to the date Plaintiff signs this Agreement, whether sounding in contract, any form of tort or otherwise, and whether at law or in equity.

5. **No Admission**. This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants or the Released Parties of any liability whatsoever, or as an admission by the Released Parties of any violation of the rights of Plaintiff, violation of any order, law, statute, duty or contract whatsoever. Defendants specifically disclaim any liability to Plaintiff for any alleged violation of the FLSA or any other wage-related order, law, statute, duty or contract.

6. **Waiver of Future Employment or Contractual Relationship**. For and in consideration of the promises and other consideration described in this Agreement, Plaintiff warrants, covenants and agrees that he will not apply for, seek, or accept employment or contractual relationship or relationship of any other kind with Maurice Bennett or Maurice's Towing, LLC or any of Maurice Towing, LLC's parent, subsidiary and/or affiliated companies or successors at any time in the future. Plaintiff acknowledges that this Agreement will constitute a complete and final reason for any subsequent denial of employment or any contractual relationship between the Parties, and that this Agreement may be offered as a complete defense to any charge, complaint, claim, or cause of action for such denial. Plaintiff acknowledges that this provision does not significantly restrict his ability to engage in his profession.

7. **Non-Disclosure**. Plaintiff agrees that he will keep this Agreement strictly confidential and that he will not disclose any information concerning it to anyone including, but not limited to, any past, present, or prospective employee of Defendants. Plaintiff and his counsel agree to make no statement to the media relative to this settlement or the Agreement and to make no press or media release or otherwise publish on social media (or otherwise) the terms of this settlement or the Agreement. Plaintiff and his counsel also agree that they will not publicize any payment made pursuant to this Agreement, any details or terms of the Agreement, or any of the events and negotiations surrounding the Agreement. If asked about the settlement or the Agreement (other than an inquiry specifically permitted by this paragraph), Plaintiff agrees only to say the matter has been "settled" or "resolved." The only exceptions to this confidentiality provision are that Plaintiff may disclose the terms of this Agreement (1) as required by process of law; (2) as necessary for tax reporting purposes; and (3) to his immediate family members (spouse and children), his attorney, or his financial advisor—provided, however, that he first directs such family member, attorney, or financial advisor to maintain the confidentiality of such information. If compelled to disclose any confidential information by process of law, Plaintiff will provide as much notice as reasonably possible to Defendants to allow Defendants to intervene to protect its rights under this Agreement. Defendants agree that they will keep this Agreement strictly confidential and that they will not disclose any information concerning it to anyone, except that Defendants may disclose the terms of this Agreement if required to do so by law and that Defendants may disclose the terms of this Agreement to any of Defendants' employees and officers that have a business need to know about the Agreement and to any of Defendant's legal, tax, and financial advisors, provided that they agree not to disclose the terms of the Agreement.

8. **Non-Disparagement**. Plaintiff will refrain from disparaging or making any negative statements about Defendants or about any of Maurice's Towing, LLC's parents, subsidiaries, divisions, affiliates or operating companies, or about any of their agents or current or former employees, or about Maurice Towing, LLC's products or services, to any person, including but not limited to Defendants' current or former employees, contractors, and customers. Maurice's Towing, LLC will instruct all current employees whom it has made aware of the Lawsuit, the terms of the settlement and/or the settlement negotiations, to refrain from disparaging Plaintiff. Maurice Bennett will refrain from disparaging or making any negative statements about Plaintiff.

9. **Neutral Reference.** Upon request from a prospective employer, Maurice's Towing, LLC agrees to provide a neutral job reference concerning Plaintiff, limited to his dates of employment and position, provided that the prospective employer contacts Maurice Bennett at telephone number 706-342-4343 for the purposes of obtaining the reference.

10. **Non-Solicitation Clause**. Plaintiff will not solicit, contact, or otherwise encourage other current or former employees or contractors of any Defendant to assert claims against any of the Released Parties. Should one of Defendants' current or former employees or contractors contact Plaintiff's counsel about a potential claim against Defendants, Plaintiff's counsel will be free to follow their professional judgment in advising such an individual about the potential claim.

11. **Tax Consequences of Settlement**. The Parties understand and acknowledge that the amounts and allocation of the settlement, as set forth in Paragraph 1 of this Agreement, were agreed upon following arms-length negotiations, and were based upon the Parties' analyses of the claims, defenses and potential remedies involved. Except for the amounts withheld by Defendants from the payment specified in Paragraph 1.a of this Agreement, Plaintiff agrees that Defendants are not liable for the

payment of any tax assessed against Plaintiff in connection with this settlement. Rather Plaintiff agrees that any such tax shall be his sole responsibility. Plaintiff agrees that, in the event that any tax, penalty or liability of any kind is assessed against or incurred by Defendants by reason of the payments described in Paragraph 1.a, Plaintiff will fully and completely indemnify and hold harmless Defendants from any liability, claim, judgment, attorneys' fees, expenses and costs incurred by Plaintiff in connection with the tax treatment of any of the payments and/or the method utilized to make any of the payments. Nothing herein shall be construed or relied upon as any advice or opinion by or on behalf of Defendants regarding the tax treatment of the payments described in Paragraph 1 of this Agreement, and Plaintiff hereby expressly acknowledges that he will rely solely on his own accountants, attorneys, or advisors for such advice or opinion.

**12. Severability**. The provisions of this Agreement are severable, and, if any part of this Agreement except Paragraph 2 or 3 is found by a court of law to be unenforceable, the remainder of the Agreement will continue to be valid and effective. If Paragraph 2 or 3 is found to be unenforceable, the Parties agree to seek a determination by the court as to the rights of the Parties, including whether Plaintiff is entitled to retain the benefits paid to him under the Agreement. The Parties consent to the U.S. District Court for the Middle District of Georgia retaining jurisdiction to enforce the terms of this Agreement.

**13. Entire Agreement and Modification**. The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any of the Parties or by any of the Parties' agents, attorneys or representatives with regard to the claims and causes of action released in this Agreement, other than those specifically stated in this Agreement. This Agreement may only be amended or modified by a writing signed by the Parties. Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated. In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Agreement, or to declare rights and/or obligations under this Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

**14. Interpretation and Governing Law**. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties. This Agreement is made and entered into in the State of Georgia and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Georgia without giving effect to the principles of conflicts of laws thereof.

**15. Counterparts.** This Agreement may be executed in multiple counterparts and may be executed electronically. When each Party has signed and delivered at least one counterpart, each counterpart shall be deemed an original, and all counterparts taken together shall constitute one agreement binding upon all Parties, regardless of whether each Party is a signatory to the same counterpart.

**16. Voluntary Agreement**. Plaintiff understands and agrees as follows:

a. Plaintiff has had a reasonable time to consider this Agreement before executing it.

b. Plaintiff has carefully read and fully understands all of the provisions of this Agreement, which is written in a manner that Plaintiff clearly understands.

c. Plaintiff is releasing the Released Parties from any and all claims Plaintiff may have against the Released Parties arising before execution of this Agreement.

d. Plaintiff knowingly and voluntarily agrees to all of the terms in this Agreement.

e. Plaintiff was advised and hereby is advised in writing to consider the terms of this Agreement and consult with an attorney of Plaintiff's choice prior to signing this Agreement. Plaintiff further acknowledges that he has consulted with his attorney prior to signing this Agreement.

Dated: 5·3·19

By: [signature]
Jerod Southern, Jr.

Dated: 5-9-19

By: [signature]
Maurice Bennett

Dated: 5-9-19

Maurice's Towing, LLC

By: [signature]
Maurice Bennett, Owner and Founding Member